UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ODENBAUGH,

    Petitioner,                                 Hon. Janet T. Neff

v.                                                       Case No. 1:12-CV-383

MARY BERGHUIS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Odenbaugh's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Odenbaugh's petition be **denied**.

## BACKGROUND

As a result of events which occurred between July 1, 2010, and July 10, 2010, Petitioner was charged with: (1) two counts of breaking and entering with the intent to commit a felony or larceny and (2) two counts of unlawfully driving away a motor vehicle. (Plea Transcript, September 7, 2010, 3-24). Petitioner subsequently entered into a plea agreement pursuant to which he agreed to plead guilty to both counts of breaking and entering and one count of unlawfully driving away a motor vehicle. In return, Petitioner received a dismissal of the second count of

1

unlawfully driving away a motor vehicle and an agreement to receive concurrent sentences of 6-15 years on the breaking and entering convictions and 5-7.5 years on the conviction for unlawfully driving away a motor vehicle. Petitioner also agreed to pay restitution. (Tr. 3-24).

Petitioner was sentenced to the following concurrent terms of imprisonment: (a) 6-15 years for breaking and entering; (2) 6-15 years for breaking and entering; and (3) 5-7.5 years for unlawfully driving away a motor vehicle. (Sentencing Transcript, October 25, 2010, 9-10). Petitioner subsequently moved in the trial court, without success, to withdraw his guilty pleas. (Dkt. #12). Petitioner later moved in the Michigan Court of Appeals for leave to appeal, asserting the following claims:

> I. Mr. Odenbaugh's guilty pleas were not voluntary and understanding where he was affirmatively mislead as to the value of the plea bargain, in violation of the state and federal due process clauses; Mr. Odenbaugh received ineffective assistance of trial counsel.

The Michigan Court of Appeals denied Petitioner leave to appeal "for lack of merit in the grounds presented." *People v. Odenbaugh*, Case No. 305430, Order (Mich. Ct. App., Oct. 4, 2011). Asserting the same issues, Petitioner moved in the Michigan Supreme Court for leave to appeal. The court denied Petitioner's request, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Odenbaugh*, Case No. 144051, Order (Mich., Mar. 5, 2012). On April 20, 2012, Petitioner initiated the present action in which he asserts the claims above.

**STANDARD OF REVIEW**

Odenbaugh's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the

substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result." *Ayers v. Hudson*, 623 F.3d 301, 307 (6th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable

application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Ayers*, 623 F.3d at 307. Furthermore, review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, - - - S.Ct. - - -, 2011 WL 1225705 at *8 (Apr. 4, 2011).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the "factual determination by [the] state courts are presumed correct absent clear and convincing evidence to the contrary." *Ayers*, 623 F.3d at 308. Accordingly, a decision "adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." While this standard is "demanding" it is "not insatiable." *Id.*

4

For a writ to issue pursuant to § 2254(d)(1), the Court must find a violation of clearly established federal law "as set forth by the Supreme Court at the time the state court rendered its decision." *Stewart v. Irwin*, 503 F.3d 488, 493 (6th Cir. 2007). This definition of "clearly established federal law" includes "only the holdings of the Supreme Court, rather than its dicta." *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Nevertheless, "the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart*, 503 F.3d at 493.

As previously noted, § 2254(d) provides that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits" unless the petitioner can satisfy the requirements of either § 2254(d)(1) or § 2254(d)(2). This provision, however, "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Instead, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits." *Id.* at 784-85. Where such is the case, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.

The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely." *Id.* If this presumption is overcome, however, the Court reviews the matter de novo. *See Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where

5

state courts had not reached the question); *see also, Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## **ANALYSIS**

**I.        Guilty Plea**

Petitioner argues that he is entitled to relief because his plea bargain "was illusory because it held little if no value." Specifically, Petitioner asserts that given his sentencing guidelines score, the possible sentences he faced for the crimes to which he pleaded guilty were roughly equivalent to, or less than, the sentences to which he agreed as part of his plea bargain. In other words, Petitioner asserts that he obtained no benefit by pleading guilty.

A guilty plea is more than an admission that the accused performed certain acts, but is instead "a conviction." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Following a guilty plea "nothing remains but to give judgment and determine punishment." *Id.* By pleading guilty a criminal defendant surrenders several important constitutional rights, including (a) the privilege against compelled self-incrimination; (b) the right to trial by jury; and (c) the right to confront one's accusers. *Id.* at 243. To ensure that a criminal defendant is not improperly deprived of these (and other) rights, to be valid a guilty plea must be made "voluntarily, knowingly, and intelligently" with "sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

The *Boykin* Court identified certain rights (identified immediately above) which a criminal defendant waives by pleading guilty. While the *Boykin* Court made clear that waiver of

these (and other) rights cannot be assumed, the Court did not hold that a guilty plea is valid only where a criminal defendant was first notified as to each and every right he would be waiving by pleading guilty. *Boykin*, 395 U.S. at 243-44. In fact, less than one year after its *Boykin* decision the Supreme Court, in *Brady v. United States*, 397 U.S. 742 (1970), upheld the validity of a guilty plea even though the defendant had not been specifically advised of the rights identified by the *Boykin* Court. *Id.* at 743-58. With respect to its *Boykin* decision, the Court clarified its significance stating that "[t]he new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id.* at 747 n.4.

Thus, as other courts have since recognized, neither *Boykin* nor any other Supreme Court authority requires that a criminal defendant be specifically advised of any particular rights before his guilty plea can be deemed constitutionally valid. *See, e.g., Threadgill v. Galaza*, 2006 WL 2084165 at *3 (E.D. Cal., July 25, 2006) ("specific articulation of the *Boykin* rights is not the sine qua non of a valid guilty plea;" if the "record demonstrates that a guilty plea is knowing and voluntary, no particular ritual or showing on the record is required"); *United States v. Toles*, 1992 WL 129284 at *3 (9th Cir., June 4, 1992) ("*Boykin* does not require that the trial judge specifically list each right waived by a defendant who pleads guilty"); *Carter v. Brooks*, 2001 WL 169584 at *6-7 (D. Conn., Feb. 13, 2001) (the Supreme Court has "in no way intimated the precise terms of the inquiry that the trial judge should make of a defendant before accepting his plea" and "a guilty plea will not be invalidated simply because of the district court's failure. . .to enumerate one or more of the rights waived by the defendant as the result of such a plea"); *United States v. Smith*, 1990 WL 92601 at *2 (9th Cir., July 5, 1990) (the standard is not whether the trial judge specifically

7

articulated certain rights, but whether "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant").

Accordingly, the relevant question is not whether the trial judge specifically articulated or identified for Petitioner a list of the various rights he would be surrendering by pleading guilty. Rather, as noted above, the question is whether Petitioner's decision to plead guilty was made "voluntarily, knowingly, and intelligently" with "sufficient awareness of the relevant circumstances and likely consequences." The plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Wilkerson v. Jones*, 109 Fed. Appx. 22, 23 (6th Cir., Aug. 6, 2004) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Determining whether a guilty plea satisfies this standard requires "an evaluation of all the relevant circumstances surrounding the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).

At the plea hearing, Petitioner stated that he understood the charges against him, as well as the possible penalties that could be imposed if convicted. (Plea Hearing, September 7, 2010, 2010, 14-15). Specifically, Petitioner was charged with (1) two counts of breaking and entering with the intent to commit a felony or larceny and (2) two counts of unlawfully driving away a motor vehicle. (Tr. 3-24). The judge explained to Petitioner that the possible sentence for breaking an entering was up to 15 years in prison.[1] (Tr. 15). The judge explained to Petitioner that the possible sentence for unlawfully driving away a motor vehicle was 7.5 years in prison.[2] (Tr. 16). The judge

---

[1] The punishment for breaking and entering with the intent to commit a felony or larceny was imprisonment "for not more than 10 years." Mich. Comp. Laws § 750.110. However, because Petitioner also pleaded guilty to having previously been convicted of one felony, the possible sentence Petitioner faced was imprisonment for up to 15 years. Mich. Comp. Laws § 769.10(1)(a).

[2] The punishment for unlawfully driving away a motor vehicle was imprisonment "for not more than 5 years." Mich. Comp. Laws § 750.413. However, because Petitioner also pleaded guilty to having previously been convicted of one felony, the possible sentence Petitioner faced was imprisonment for up to 7.5 years. Mich. Comp. Laws § 769.10(1)(a).

8

explained to Petitioner that if he agreed to plead guilty to both counts of breaking and entering and one count of unlawfully driving away a motor vehicle, the second charge of unlawfully driving away would be dismissed and he would receive concurrent sentences of 6-15 years on the breaking and entering convictions and 5-7.5 years on the conviction for unlawfully driving away a motor vehicle. (Tr. 15-18). Petitioner agreed to the imposition of these particular sentences regardless of his ultimate sentencing guidelines scores. (Tr. 18).

Petitioner also acknowledged speaking with his attorney about - and understanding - the various trial rights he would be surrendering by pleading guilty. (Tr. 21-22). Petitioner acknowledged that he had not been promised anything to plead guilty, other than the terms of the plea bargain as stated on the record. (Tr. 23). Petitioner stated that he had not been threatened to plead guilty. (Tr. 23-24). Considering the totality of the circumstances, any claim that Petitioner's guilty pleas were not offered voluntarily, knowingly, and intelligently is without merit. Petitioner's claim that he obtained no benefit from his plea bargain is likewise without merit.

As part of Petitioner's plea bargain, the prosecution agreed to charge and sentence Petitioner as having committed only one prior felony. As previously noted, this subjected Petitioner to a maximum term of imprisonment "not more than 1-1/2 times the longest term prescribed for a first conviction of that offense." Mich. Comp. Laws. § 769.10(1)(a). During the plea proceeding, however, Petitioner acknowledged that he had, in fact, been convicted of more than one prior felony. (Plea Hearing, September 7, 2010, 2010, 19-20). The prosecutor subsequently informed the judge that Petitioner had, in fact, been convicted of four prior felonies. (Tr. 36). This statement is

consistent with the Sentencing Information Report (SIR) compiled as part of the proceedings below.[3] (Dkt. #14). The SIR indicates that Petitioner's Prior Record Variable 1 Score was 25 and his Prior Record Variable 2 score was 30 which indicates that Petitioner had been previously been convicted of at least five prior felonies. *See* Mich. Comp. Laws §§ 777.51 and 777.52. Given his prior criminal record, Petitioner, in the absence of the plea bargain described above, faced the possibility of life in prison if convicted of the crimes in question. *See* Mich. Comp. Laws § 769.12(1)(b). The benefit Petitioner received by accepting the plea bargain in this matter is obvious. Simply put, in exchange for pleading guilty, Petitioner, who otherwise faced the possibility of life in prison, obtained instead a sentence of no more than 15 years.

Accordingly, the Court concludes that the denial of this claim by the Michigan Court of Appeals was neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, the court's decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the undersigned recommends that this particular claim be denied.

## II.    Ineffective Assistance of Counsel

Petitioner also claims that he is entitled to relief because his trial attorney misled him as to the value of the plea bargain agreement.

To establish ineffective assistance of counsel, Petitioner must show both deficient performance by his counsel and prejudice resulting therefrom. *See Premo v. Moore*, 131 S.Ct. 733,

---

[3] The judge informed Petitioner during the plea hearing that while Petitioner would be sentenced as if he had been convicted of only one previous felony, the presentence report would take into account "all" of Petitioner's prior convictions. (Plea Hearing, Septe,ber 7, 2010, 20).

10

739 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411 (2009)). To establish deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S.Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 689). Petitioner's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 687).

Petitioner must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)); *see also*, *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001).

As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim *de novo*, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740. Likewise, the standard by which petitions for habeas relief are judged is "highly deferential." Thus, when reviewing, in the context of a habeas petition, whether

11

a state court unreasonably applied the *Strickland* standard, review is "doubly" deferential. *Id.* (citations omitted). As the Supreme Court recently concluded:

> The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating reasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (internal citations omitted).

In a letter dated two weeks prior to Petitioner's plea hearing, Petitioner's counsel informed Petitioner that he had calculated Petitioner's sentencing guidelines score "at 19-76 months on the minimum." (Dkt. #13). Petitioner asserts that he accepted the plea bargain based upon this calculation of his guidelines score. Petitioner further asserts, however, that his sentencing guidelines score is actually much lower and that had he known his "real" guidelines score he would not have accepted the plea bargain. This argument is a red herring. The comparison between Petitioner's sentencing guidelines score and the sentence he received as part of the plea bargain is irrelevant. As discussed above, the appropriate comparison is between the possible sentence Petitioner faced in the absence of the plea bargain (life in prison) and the sentence counsel obtained for Petitioner (6-15 years in prison).

In sum, because Petitioner received a significant benefit from the plea bargain his attorney negotiated, Petitioner cannot demonstrate that his counsel rendered deficient performance. The Court, therefore, concludes that the denial of this claim by the Michigan Court of Appeals was neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, the court's decision was not based on an unreasonable determination of the facts in

12

light of the evidence presented. Accordingly, the undersigned recommends that this claim be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Odenbaugh's petition for writ of habeas corpus be **denied**. The undersigned further recommends that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 26, 2013   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge